**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**LAURENCE KALIN and**
**TERI KALIN,**

**Plaintiffs,**

**v.** **No. 26-cv-2946 KG-JHR**

**FOREMOST INSURANCE COMPANY,**

**Defendant.**

**ORDER TO SHOW CAUSE**

THIS MATTER comes before the Court sua sponte. Plaintiffs filed their Amended Complaint (Doc. 7) under seal (limited to “Case Participants”) without permission from the Court. Plaintiffs are ordered to show cause by October 2, 2026, as to why the Amended Complaint should not be unsealed.

It is well settled that federal courts recognize a common-law right of access to judicial records. *Nixon v. Warner Communications, Inc*., 435 U.S. 589, 597–99 (1978); *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir.1980). This right derives from the public’s interest “in understanding disputes that are presented to a public forum for resolution” and is intended to “assur[e] that the courts are fairly run and judges are honest.” *Crystal Grower’s Corp*., 616 F.2d at 461. This public right of access, however, is not absolute. *Nixon*, 435 U.S. at 598. As federal district courts have supervisory control over their own records and files, the decision whether to allow access to those records is left to the court’s sound discretion. *Crystal Grower’s Corp*., 616 F.2d at 461. In exercising that discretion, the court must consider the relevant facts and circumstances of the case and balance the public’s right of access, which is presumed paramount,

with the parties' interests in sealing the record or some portion of the record. *Id*. Documents should be sealed "only on the basis of articulable facts known to the court, not on the basis of unsupported hypothesis or conjecture." *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995) (quoting *Valley Broadcasting Co. v. United States Dist. Court*, 798 F.2d 1289, 1294 (9th Cir. 1986)). To overcome the presumption of public access, a party must show a significant interest in keeping documents private. *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007); *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012). The fact that information has "already been made public" will undermine a party's privacy concerns. *United States v. Pickard*, 733 F.3d 1297, 1305 (10th Cir. 2013); *see Mann*, 477 F.3d at 1149. In keeping with the paramount right of public access, this Court requires a party to move for permission to file a particular document under seal and to establish that her interest in keeping the document private outweighs the public's right of access to judicial records.

IT IS THEREFORE ORDERED that Plaintiffs must provide the Court with a written explanation demonstrating a private interest sufficient to justify filing the Amended Complaint (Doc. 7) under seal by **October 2, 2026**. Failure to respond to this order will result in the Court unsealing the Amended Complaint without further notice.

JERRY H. RITTER
United States Magistrate Judge